IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VICTOR E. HOLM,

                Plaintiff,

  v.

MICHAEL DITTMAN, MARY LEISER, DONALD
MORGAN, LINDSAY WALKER, ISAAC HART,
D. HAUTAMAKI, OFFICER BEGLEY, OFFICER
PIGEON, and OFFICER FRICK,

                Defendants.

OPINION & ORDER

16-cv-781-bbc[1]

---

      Pro se prisoner and plaintiff Victor Holm has filed a complaint regarding a series of incidents that arose out of a search of his cell in May 2015 at the Columbia Correctional Institution. Holm alleges that, during the search, officers confiscated legal documents on the ground that he was over the allowed limit of legal property. Holm denied this, but he ended up with a conduct report. (He does not explain the basis for the discipline, but he says later in his complaint that hearing officers found him guilty of "disruptive conduct" and "disrespect," so it may be that he argued with the officers for taking his legal documents.) After Holm spent 36 days in segregation, his conduct report was expunged on the ground that he did not have the opportunity to request witnesses. Soon after, his legal documents were returned to him.

      Holm does not divide his complaint into separate claims, but I understand him to be challenging both the taking of his legal documents and the process he received during the disciplinary proceedings. I do not understand him to be raising a claim about the substance

---

[1] Because Judge Crabb is on medical leave, I am issuing this order to prevent an undue delay in the progress of this case.

of the conduct report that he received. If he did intend to raise such a claim, I would dismiss it for failure to provide fair notice under Rule 8 of the Federal Rules of Civil Procedure because he does not provide enough information to determine whether the disciplined conduct is protected by the Constitution.

Because Holm is a prisoner, I am required to screen the complaint in accordance with 28 U.S.C. § 1915(e)(2) and § 1915A to determine whether it states a claim upon which relief may be granted. I conclude that Holm has failed to state a claim upon which relief may be granted as to any of this claims, but I will allow him to amend his complaint to replead a claim that several defendants violated his right of access to the courts by confiscating his legal documents.

## ANALYSIS

### A. Confiscation of Legal Documents

Holm brings this claim against defendants Hautamaki, Begley, Pigeon, and Frick, all of whom were officers were involved in the decision to confiscate Holm's legal documents. Holm says that the documents were part of an "ongoing, active" petition for a writ of habeas corpus, Dkt. 1, at ¶ 90, so I understand to him to be claiming a violation of his right of access to the courts. This right applies to nonfrivolous litigation challenging a prisoner's custody or conditions of confinement. *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009). To prevail on an access to courts claim, a plaintiff must show both that "prison officials interfered with his legal materials" in such a case *and* that "the interference actually prejudiced him in his pending litigation." *Devbrow v. Gallegos*, 735 F.3d 584, 587 (7th Cir. 2013).

2

Holm does not provide any details about the content of the habeas petition he was trying to litigate, so I cannot determine whether that petition was frivolous. Even if I assume that it had merit, this claim has another problem, which is that Holm does not identify any way that defendants' alleged conduct prejudiced his petition. "[T]emporary confiscation of documents does not show, without more, a constitutionally significant deprivation of meaningful access to the courts." *Id.* (internal quotations omitted). Rather, Holm must show that defendants' alleged conduct actually harmed his petition in a concrete way, for example, by leading to its dismissal because he was unable to meet a deadline or advance a particular argument as a result of the temporary loss of his legal materials. Without more information, I cannot allow Holm to proceed on this claim, but I will give Holm an opportunity to amend his complaint to include the missing facts.

Holm raises a number of other objections about the confiscation of his documents, but these objections do not state a claim under federal law. For example, Holm says that officers failed to "verify[] the volume of legal materials" before taking them and did not give him a receipt after the documents were confiscated. Dkt. 1, at ¶ 90. Although these matters may have violated prison policy, I am not aware of constitutional provisions or federal statutes that would give Holm the right to sue for that alleged conduct. As for state law, prison rules and regulations do not provide a right of action unless the legislature has granted such a right, *Vasquez v. Raemisch*, 480 F. Supp. 2d 1120, 1129 (W.D. Wis. 2007) (citing *Kranzush v. Badger State Mutual Insurance Co.*, 103 Wis.2d 56, 74–79, 307 N.W.2d 256, 266–68 (1981)), and I am not aware of any statute that grants such a right in this case.

3

**B. Disciplinary process**

Holm raises a number of objections to his disciplinary proceedings: (1) his staff advocate, defendant Mary Leiser, "refus[ed] to perform her duties," *id.* at ¶ 86; (2) the hearing officers, defendants Lindsay Walker and Donald Morgan, held the hearing without Holm's requested witnesses; (3) defendant Isaac Hart denied Holm's grievance regarding his procedural objections to his discipline and refused to conduct an investigation; (4) defendant Michael Dittman, the warden, upheld the disciplinary decision. Holms says that all of these actions violated his right to due process.

These claims have multiple problems. As I explained to Holm in another case that he brought recently, *Holm v. Casiana*, No. 16-cv-794-bbc (W.D. Wis.), the due process clause does not apply to discipline that results in short-term placement in segregation. *Sandin v. Conner*, 515 U.S. 472, 486 (1995). Holm admits in his complaint that he was disciplined with 60 days of segregation and served only 36 of those days and he does not allege his conditions were "unusually harsh," *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 698 (7th Cir. 2009), so he cannot state a claim under the due process clause. *Townsend v. Fuchs*, 522 F.3d 765, 766 (7th Cir. 2008); *Hoskins v. Lenear*, 395 F.3d 372, 374 (7th Cir. 2005); *Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005); *Thomas v. Ramos*, 130 F.3d 754, 761 (7th Cir. 1998).

Even if the due process clause applied to such a short-term placement, Holm's right to process would be limited to notice of the reasons for the proposed placement and an adequate opportunity to present his views regarding why he should not be transferred. *Westefer v. Neal,* 682 F.3d 679, 683 (7th Cir. 2012). None of Holm's objections relate to a failure to provide that type of process. Even under the more demanding requirements that

apply when a prisoner loses good time, Holm would not have been entitled to an effective staff advocate or an investigation by a grievance examiner. *Kervin v. Barnes*, 787 F.3d 833, 835 (7th Cir. 2015); *McPherson v. McBride*, 188 F. 3d 784, 785-86 (7th Cir. 1999). In any event, because Holm was not placed in segregation long term and he received notice and an opportunity to present his views, he has not stated a claim under the due process clause.

## ORDER

IT IS ORDERED that:

1. Plaintiff Victor Holm's complaint is DISMISSED.

2. Holm may have until February 21, 2017, to file an amended complaint that corrects the defects identified in this order as to his claim that defendants Hautamaki, Begley, Pigeon, and Frick interfered with his right to have access to the courts by confiscating his legal documents.

3. All other claims are DISMISSED WITH PREJUDICE, including Holm's claims against defendants Mary Leiser, Lindsay Walker, Donald Morgan, Isaac Hart, and Michael Dittman.

4. If Holm does not respond to this order by February 21, 2017, the court will direct the clerk of court to dismiss the entire complaint with prejudice a strike will be recorded in accordance with 28 U.S.C. § 1915(g).

Entered February 2, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge